UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Oliver Hooper

    v.                            Civil No. 08-cv-426-JD

Warden, Northern New Hampshire
Correctional Facility

O R D E R

Oliver Hooper, while represented by counsel, filed a habeas corpus action under 28 U.S.C. § 2254.  Within a year of filing and while the Warden's motion for summary judgment was pending, Hooper's counsel filed a notice that he had been suspended from the practice of law and withdrew from the case.  Hooper's local counsel eventually moved to withdraw from the case.

Hooper is incarcerated and is now proceeding pro se.  He has filed a motion asking the court to appoint counsel to represent him in his habeas proceeding.  A petitioner for habeas relief does not have a constitutional right to counsel.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  The court, however, may appoint counsel for a financially eligible person if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).

As a preliminary matter, Hooper must demonstrate that he is a financially eligible person.  He is not proceeding in forma pauperis, and therefore, has not completed an affidavit

demonstrating his financial status.  Although he states in his motion that he lacks funds to hire another attorney, he has not provided an affidavit or other appropriate documentation of his financial status.  In the absence of such proof, Hooper does not meet the financial requirement for § 3006A relief.

## Conclusion

For the foregoing reasons, before the court will consider his motion for appointment of counsel, Hooper shall complete the enclosed in forma pauperis form, which is an affidavit of his financial status.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

October 5, 2009

cc:   Oliver Hooper, pro se
      Elizabeth C. Woodcock, Esquire