UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Oliver Hooper</u>

   v.                                Civil No. 08-cv-426-JD

<u>Warden, Northern New Hampshire</u>
<u>Correctional Facility</u>


O R D E R


    Oliver Hooper seeks relief pursuant to 28 U.S.C. § 2254 from his state court convictions. Hooper initially was represented by counsel. The Warden moved for summary judgment on May 15, 2009. The court granted motions to extend the deadline for Hooper's response to the Warden's motion.

    Hooper's retained out-of-state counsel sent a letter to the court, which was filed on July 31, 2009, in which he explained that he had been temporarily suspended from practice. The court deemed the letter to be an involuntary withdrawal from the case. Local counsel also moved to withdraw, explaining that Hooper lacked funds to compensate counsel for his services, and the motion was granted on September 15, 2009. Hooper then moved for appointment of counsel, and the court directed Hooper to file completed financial forms to demonstrate his need for appointed counsel. Hooper has now filed the completed forms.

    In his financial affidavit, Hooper states that he receives

about thirty dollars each month in payment from the institution and about fifteen to twenty dollars twice a month from his parents.  He states that he has no cash or bank accounts, does not own property, does not have other assets, and has outstanding debts of $7,500 for a student loan from SallieMae and $1,200 for Maine taxes.  The Certificate of Custodial Institution from the Northern New Hampshire Correctional Facility states that for the six-month period preceding October 20, 2009, Hooper had average monthly deposits in his prison account of $105.09.  For the six-month period before that, his average deposits were $20.91.  The trust account statement confirms the institutional certificate.  Hooper also submitted an invoice dated March 5, 2008, from SallieMae, stating that his monthly payment for his student loan, $261.45, was late.

   A petitioner for habeas relief does not have a constitutional right to counsel.  <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987).  The court, however, may appoint counsel for a financially eligible person if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Based on the financial information Hooper has filed and the issues presented in the case, the court concludes that Hooper is financially eligible and that the interests of justice require appointment of counsel in this case.

<u>Conclusion</u>

For the foregoing reasons, the petitioner's motions to appoint counsel (documents no. 20 and 24) are granted to the extent that counsel will be appointed to represent the petitioner in this case, and the petitioner's response to the pending motion for summary judgment will be due **thirty days from the date that counsel is appointed**. Counsel will be appointed from the court's Criminal Justice Act list.

SO ORDERED.

<u>/s/ Joseph A. DiClerico, Jr.</u>
Joseph A. DiClerico, Jr.
United States District Judge

October 30, 2009

cc:  Oliver Hooper, pro se
     Elizabeth Woodcock, Esq.