UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Oliver Hooper

   v.                                      Civil No. 08-cv-426-JD
                                                 Opinion No. 2010 DNH 120

Warden, Northern New Hampshire
Correctional Facility


O R D E R

After the court granted summary judgment in favor of the Warden on Oliver Hooper's petition for relief under 28 U.S.C. § 2254, Hooper filed a motion for reconsideration. Hooper argues that the court misunderstood his Confrontation Clause claim. The Warden did not file a response.


Background

Hooper sought habeas corpus relief pursuant to § 2254 from his state convictions and sentences for aggravated felonious sexual assault, simple assault, criminal threatening, sexual assault, and kidnaping. The court granted summary judgment in the Warden's favor on Hooper's claims that the state court's evidentiary rulings violated his rights under the Fifth Amendment, the New Hampshire Constitution, and state law; that he was not afforded the presumption of innocence; and that he was

not tried under the proper standard of proof. The court denied summary judgment on Hooper's Confrontation Clause claim because the Warden failed to provide the applicable federal standard for Confrontation Clause issues, failed to make a persuasive argument that Hooper's federal claim did not entitle him to relief, and failed to develop the theory that any error in limiting cross-examination would be harmless.

The Warden then moved for summary judgment on the Confrontation Clause claim. Hooper contended that the defense in his criminal trial was restricted in cross-examining the state's expert witness, Jennifer Pierce-Weeks, in violation of the Confrontation Clause. Specifically, the defense sought to challenge Pierce-Weeks's opinions about why Hooper's DNA was not found in the rape kit testing by asking her about other semen found in the testing, which the trial court did not allow. This court granted summary judgment in the Warden's favor, concluding that Pierce-Weeks's challenged opinions held little weight in the context of her entire testimony and the evidence as a whole, which established that the reason Hooper's DNA was not found was because he had not ejaculated. Therefore, the probative value of the excluded evidence was not significant and was outweighed by the state's interest in protecting Hooper's victim from disclosure of her prior sexual activity.

Standard of Review

Federal Rules of Civil Procedure 59(e) and 60(b) govern motions for reconsideration. "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). In addition, reconsideration may be appropriate "if the court has patently misunderstood a party or has made an error not of reasoning but apprehension." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008) (internal quotation marks omitted).

Discussion

Hooper contends, in support of his motion for reconsideration, that the court erred in construing his Confrontation Clause claim. Hooper argues that his Confrontation Clause claim asserted that his right was violated when the trial court denied cross-examination on Pierce-Weeks's rape kit testimony to show that the testimony was misleading. He contends that the court mistakenly addressed a different claim that Hooper's Confrontation Clause rights were violated because the

defense was not permitted to cross-examine Pierce-Weeks about the victim's prior sexual activity.

In the context of this case, Hooper's argument posits a distinction without a difference.  As stated in the court's prior orders, Hooper sought to cross-examine Pierce-Weeks about other semen found in the rape kit testing to challenge her opinions that the passage of time and showering explained why Hooper's DNA was not found in the testing.  Because other semen was found in testing, its presence shows that neither the passage of time nor showering would explain the absence of Hooper's semen.  The presence of other semen in the testing, however, necessarily shows that the victim engaged in sexual activity with someone else.  Therefore, the subject matter of the proposed cross-examination, semen from the victim's prior sexual activity, implicated the state's legitimate interest in protecting her from disclosing her prior activity.

The court correctly understood Hooper's claim and concluded that no violation of the Confrontation Clause occurred during his state court trial.  Therefore, Hooper has not shown grounds for reconsideration.

Conclusion

For the foregoing reasons, the petitioner's motion for reconsideration (document no. 45) is denied.

Because the petitioner sought reconsideration of the summary judgment order, the deadline for filing a motion for a certificate of appealability has passed. The petitioner may move for a certificate of appealability under 28 U.S.C. § 2253(c), with a supporting memorandum, **on or before August 3, 2010.** The Warden shall file a response **within ten days after the date the motion is filed.** See Rule 11, Rules Governing § 2254 Cases.

SO ORDERED

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

July 21, 2010

cc: Oliver Hooper #78519, pro se
    Elizabeth C. Woodcock, Esquire