UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Oliver Hooper

    v.                                Civil No. 08-cv-426-JD

Warden, Northern New Hampshire
Correctional Facility


O R D E R

After his petition for habeas corpus relief under 28 U.S.C. § 2254 was denied, Oliver Hooper filed a motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Hooper contends that the Sixth Amendment Confrontation Clause issue, which he argued in support of his § 2254 petition, meets the requirements for a certificate of appealability. The Warden objects.

To be entitled to a certificate of appealability, Hooper must make a substantial showing that he was denied a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483 (2000). A substantial showing demonstrates "that the resolution was debatable among jurists of reason." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 338.

Following trial in state court, Hooper was convicted of and sentenced for aggravated felonious sexual assault, simple assault, criminal threatening, sexual assault, and kidnaping.  In support of a writ of habeas corpus in this court, Hooper argued that his defense at his criminal trial was restricted in cross-examining the state's expert witness, Jennifer Pierce-Weeks, in violation of the Confrontation Clause.[1]

This court granted the Warden's motion for summary judgment on the Confrontation Clause claim.[2]  The court concluded that the subject matter of the proposed cross-examination, semen from the

---

[1] Pierce-Weeks testified about why Hooper's semen were not recovered in the rape test kit.  In fact, semen from someone else was found in the kit.  The defense sought to question Pierce-Weeks about the other semen to show that her testimony was misleading that the passage of time and showering explained the absence of Hooper's semen.  Hooper did not argue at his criminal trial or in support of his petition here that the presence of other semen provided a defense that someone else was responsible for the sexual assault.

[2] The court initially granted summary judgment in the Warden's favor on Hooper's claims that the state court's evidentiary rulings violated his rights under the Fifth Amendment, the New Hampshire Constitution, and state law; that he was not afforded the presumption of innocence; and that he was not tried under the proper standard of proof.  The court denied summary judgment on Hooper's Confrontation Clause claim because the Warden failed to provide the applicable federal standard for Confrontation Clause issues, failed to make a persuasive argument that Hooper's federal claim did not entitle him to relief, and failed to develop the theory that any error in limiting cross-examination would be harmless.  The Warden then moved for summary judgment on the Confrontation Clause claim.

victim's prior sexual activity, implicated the state's legitimate interest in protecting the victim from disclosing her prior activity and that, in the context of Pierce-Week's testimony taken as a whole, the probative value of the excluded evidence of other semen was not significant.[3]  For that reason, the state court's limitation on the defense's cross-examination of Pierce-Weeks did not violate the Confrontation Clause.  See White v. Coplan, 399 F.3d 18, 24 (1st Cir. 2005) (interpreting Supreme Court cases).

　　Because Hooper has not made a substantial showing that he was denied a constitutional right, a certificate of appealability is not appropriate.

---

[3] The victim testified that Hooper did not ejaculate during the rape.  Pierce-Weeks explained and reiterated that Hooper's semen was not found in the rape test kit because he had not ejaculated.

## Conclusion

For the foregoing reasons, the petitioner's motion for a certificate of appealability (document no. 47) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

August 11, 2010

cc: Oliver Hooper, pro se
    Elizabeth C. Woodcock, Esquire